**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Taser International, Inc., | ) | No. CV-09-1351-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Interwoven, Inc., | ) | |
| Defendant. | ) | |

Plaintiff Taser International, Inc. ("Taser") commenced this action by filing a complaint against Autonomy Corporation PLC, Autonomy, Inc., and Autonomy Interwoven. Dkt. #1. The complaint asserts four claims: breach of contract, fraud, intentional interference with contractual relations, and civil conspiracy. *Id.* ¶¶ 32-64. Taser filed an amended complaint asserting the same claims against Interwoven, Inc. Dkt. #6.

Interwoven, Inc. has filed a motion to compel arbitration. Dkt. #12. Before ruling on that motion, the Court will require the parties to submit a report regarding the existence of subject matter jurisdiction.

Both complaints assert that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Dkt. ##1 & 6, ¶ 2. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citing 28 U.S.C. § 1332(a)); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity jurisdiction, "corporations are citizens of both the state where they are incorporated and the state where they have their

principal place of business." *Tosco*, 236 F.3d at 499 (citing 28 U.S.C. § 1332(c)(1)).

In this case, it is not clear from the face of the pleadings that diversity jurisdiction exists. Taser is a Delaware corporation with its principal place of business in Arizona. Dkt. ##1 & 6, ¶ 5. The original complaint alleges that Autonomy Interwoven has its principal place of business in California (Dkt. #1 ¶ 8), but the complaint does not indicate its state of incorporation. This omission precludes the Court from concluding that diversity jurisdiction exists. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("Since the party asserting diversity jurisdiction bears the burden of proof, [Defendants'] failure to specify Plaintiffs' state of citizenship was fatal to Defendants' assertion of diversity jurisdiction.") (citation omitted). The amended complaint suggests that diversity jurisdiction is, in fact, lacking. That pleading alleges that Interwoven, Inc., like Taser, is a Delaware corporation. Dkt. #6 ¶¶ 5-6.

The parties shall, by December 11, 2009, file a joint report listing the citizenship (both the state of incorporation and principal place of business) of each party at the time this action was filed. *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("It is well-established that 'jurisdiction of the court depends upon the state of things at the time of the action brought.'") (citation omitted).

**IT IS ORDERED** that the parties shall file a joint report regarding citizenship of parties by **December 11, 2009**.

DATED this 7th day of December, 2009.

_____
David G. Campbell
United States District Judge